IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11341
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALBERTO CALIXTO-ESPINOSA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CR-57-2
- - - - - - - - - -
July 21, 1997

Before JOLLY, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Alberto Calixto-Espinosa (Calixto) appeals his sentence from his guilty-plea conviction for possession with the intent to distribute methamphetamine.  See 18 U.S.C. § 2; 21 U.S.C. § 841.

Calixto argues that the district court erred in its determination of the amount of methamphetamine for which Calixto is accountable.  For essentially the same reasons that the district court explained at sentencing concerning reasonable

_____

[*]  Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

foreseeability, we conclude that the court's finding of fact was not clearly erroneous.  See United States v. Hernandez-Coronado, 39 F.3d 573, 574-75 (5th Cir. 1994).

Calixto argues that the district court erred by enhancing by two levels his offense level based on his leadership role over his codefendant.  See U.S.S.G. § 3B1.1(c).  We defer to the district court's credibility determinations made at sentencing.  See United States v. Sotelo, 97 F.3d 782, 799 (5th Cir.), cert. denied, 117 S. Ct. 620 (1996).  In light of the testimony of Calixto's codefendant, we conclude that the district court's finding as to Calixto's role in the offense is not clearly erroneous.  See United States v. Musquiz, 45 F.3d 927, 932-33 (5th Cir.), cert. denied, 116 S. Ct. 54 (1995).

AFFIRMED.